UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHTHIUS COHEN,

                **Plaintiff,**

            v.                                        9:16-CV-593
                                                        (FJS/TWD)

**CO M. WELCH**, Correctional Officer, Upstate
Correctional Facility; **DARRIN CORRIGEUX**,
Correctional Officer, Upstate Correctional
Facility, formerly known as D. Corrigway; and
**SGT. VESNESKI**, Upstate Correctional
Facility,

                **Defendants.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**MATTHTHIUS COHEN**
15-A-4146
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **RYAN W. HICKEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

# ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983, alleging

that, on May 13, 2016, Defendants subjected him to excessive force and failed to intervene in

violation of his Eighth Amendment rights.  *See generally* Dkt. No. 23.  Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Plaintiff had failed to exhaust his administrative remedies.  *See* Dkt. No. 26. Plaintiff opposed Defendants' motion.  *See* Dkt. Nos. 29, 35.

This Court referred the motion to Magistrate Judge Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  In an Order and Report-Recommendation dated July 11, 2017, Magistrate Judge Dancks recommended that this Court grant Defendants' motion and dismiss Plaintiff's amended complaint without prejudice for failure to exhaust administrative remedies.  *See* Dkt. No. 43 at 14.  Plaintiff filed objections to those recommendations.  *See* Dkt. No. 44.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations.  *See* 28 U.S.C. § 636(b)(1).  The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects.  *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  """If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))).

Plaintiff continues to complain that Defendants used excessive force against him on May 13, 2016, and, in addition, asserts that he has been denied medical attention and suffers physically and mentally from cruel and unusual punishment.  *See generally* Dkt. No. 44.  Plaintiff also notes that, "[b]efore the incident of May 13, 2016, [he] wrote ample grievences [sic] to Albany as well as hand

-2-

written letters to Commissions [sic] office as well as had [his] wife whom is herrassed [sic] as well submit letters and complaints in fear of [his] life . . . ." *See id.* at 1-2. Finally, Plaintiff included a document entitled "Inmate Disciplinary History" as part of his objections, *see id.* at 3; however, none of the incidents listed on that document occurred on May 13, 2016, which is the only incident that is the subject of this lawsuit.

Despite the general and conclusory nature of Plaintiff's objections to Magistrate Judge Dancks' recommendations, the Court has conducted a *de novo* review of the record; and, having completed that review, the Court concludes that Plaintiff has clearly not exhausted his administrative remedies with regard to the May 13, 2016 incident. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' July 11, 2017 Order and Report-Recommendation, *see* Dkt. No. 43, is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint, *see* Dkt. No. 26, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's amended complaint, *see* Dkt. No. 23, is **DISMISSED without prejudice** for failure to exhaust administrative remedies; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 2, 2017
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge